UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAURICE NICHOLAS GATEWOOD,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

CASE NO. 2:21-cv-01719-JCC-DWC

REPORT AND RECOMMENDATION

NOTED FOR: **February 11, 2022**

Petitioner has filed a Petition for Writ of Habeas Corpus, purportedly under 28 U.S.C. § 2254. Dkt. 1. As discussed below, the Court should construe the Petition as a habeas corpus petition under 28 U.S.C. § 2241 and abstain from hearing it pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

## BACKGROUND

Petitioner is detained at the King County Jail. *See* Dkt. 1 at 16. On December 22, 2021, Petitioner filed the Petition on this District's form for § 2254 cases. *See id.* at 1, 15. The Petition challenges King County Superior Court Case No. 21-1-05031-2 ("State Prosecution"). *See id.* at

REPORT AND RECOMMENDATION - 1

1. Petitioner named Washington State and Washington State Attorney General as Respondents. *See id.* Also, Petitioner asserts his claims against the officers involved in his arrest. *See* Dkt. 2 at 6. Petitioner sets forth the Petition's substantive arguments in a purported "motion seeking relief." *See id.* at 1. The Court refers to the Petition and motion for relief collectively as "Petition."

Petitioner contends that, on September 28, 2021, state and federal officials took him into custody in violation of his rights under the Constitution and Federal Rules of Criminal Procedure. *See, e.g.*, *id.* at 1. For instance, Petitioner asserts a violation of the Fourth and Fifth Amendments based on the allegedly unlawful procurement of information from his cellular phone. *Id.* at 2. Furthermore, Petitioner asserts that he has not been able to access discovery in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 3. Additionally, Petitioner alleges a claim of ineffective assistance of counsel. *Id.* For relief, Petitioner seeks "Blanket Suppression" of allegedly "illegal and tainted evidence." *See id.* at 14–16.

Online state judicial records show that the State Prosecution was initiated on October 12, 2021 and is pending. *See* Dkt. 6. The Court takes judicial notice of these records. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of . . . documents on file in federal or state courts." (citation omitted)).[1] Because the State Prosecution is pending, the Court must construe the Petition as a § 2241 petition. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

## DISCUSSION

In *Younger*, "the Supreme Court held that a federal court may not interfere with a pending state criminal prosecution absent extraordinary circumstances." *Logan v. U.S. Bank Nat'l Ass'n*,

---

[1] A search of PACER did not reveal a pending parallel federal criminal proceeding.

722 F.3d 1163, 1167 (9th Cir. 2013). "Specifically, *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Courts may *sua sponte* consider the propriety of a *Younger* abstention. *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see Younger*, 401 U.S. at 40–41.

"However, even if *Younger* abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 765–66 (citation and internal quotation marks omitted). "In the *Younger* abstention context, bad faith generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (citation and internal quotation marks omitted). Bad faith may also mean that "the state tribunal is incompetent by reason of bias," though "one who alleges bias must overcome a presumption of honesty and integrity in those serving as adjudicators." *Hirsh v. Justs. of Supreme Ct. of State of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (per curiam) (citation and internal quotation marks omitted). These exceptions are "narrow." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). "[A] plaintiff who seeks to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citation omitted).

Here, *Younger* applies to the Petition. Petitioner's prosecution is pending and that proceeding implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986)

1 (citation omitted). Furthermore, Petitioner can raise his claims in state court, as he acknowledges in his Petition. *See* Dkt. 1 at 5–7; Dkt. 2 at 3. Additionally, the relief Petitioner seeks, "blanket suppression" of evidence, would practically enjoin his State Prosecution. Moreover, the Petition's allegations do not support a reasonable inference that any of the narrow exceptions to *Younger* would apply here. *See* Dkt. 2 at 4–14.

Accordingly, the Court should dismiss the Petition without prejudice pursuant to *Younger*. *Howard v. City of Milton*, 63 F. App'x 978, 978 (9th Cir. 2003) ("[W]hen *Younger* abstention applies, it is appropriate to dismiss the action without prejudice . . . ." (citation omitted)). Assuming Petitioner is entitled to notice and an opportunity to respond before dismissal on *Younger* grounds, this Report and the 14-day objection period fulfill that requirement. *See Tizeno v. Madden*, 765 F. App'x 214, 215 (9th Cir. 2019).

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2241 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("[S]tate prisoners proceeding under § 2241 must obtain a COA[.]" (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because reasonable jurists would not debate that *Younger* applies to the Petition, a COA should be denied.

### *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Plaintiff should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

### CONCLUSION

As discussed above, it is recommended that the Petition be construed as a § 2241 petition and DISMISSED WITHOUT PREJUDICE pursuant to *Younger*, that all pending motions (*see* Dkt. 2) be DENIED AS MOOT, and that this case be CLOSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 11, 2022** as noted in the caption.

1  Dated this 25th day of January, 2022.

*David W. Christel*
David W. Christel
United States Magistrate Judge